TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Sara Meisels

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Sara Meisels,<br><br>   Plaintiff,<br><br> vs.<br><br>Fulton, Friedman & Gullace, LLP,<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br> **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br> **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Sara Meisels (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Fulton, Friedman & Gullace, LLP (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Woodland Hills, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Rochester, New York, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.     Upon information and belief, a financial obligation was allegedly incurred by a person who is not a party to this lawsuit (hereafter "Debtor").

10.    Plaintiff is not the Debtor, has no location information regarding the Debtor, and has no responsibility for repayment of Debtor's debt.

11.    Debtor's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

12.    At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

13. In February of 2017, Defendant placed a lien on Plaintiff's bank account and successfully levied funds from that account.

14. When Plaintiff noticed the missing funds, she called her bank to inquire.

15. A representative from her bank informed Plaintiff that Defendant placed the lien on the wrong account.

16. Thereafter, Plaintiff called Defendant, and during the conversation, Defendant confirmed that the lien had been placed on Plaintiff's account in error.

17. After multiple follow-up phone calls and a great deal of aggravation, Plaintiff convinced Defendant to return the funds to Plaintiff's account.

18. As a result of Defendant's erroneous lien, Plaintiff was without access to funds for a period of forty-eight (48) hours.

19. Defendant's actions caused Plaintiff to suffer financial damages, as well as a significant amount of stress, anxiety, and frustration.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

21. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

22. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

23. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

24. Defendant collected an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

25. The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

26. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

27. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

28. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

29. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

30. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

5
COMPLAINT FOR DAMAGES

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 12, 2017                              TRINETTE G. KENT

By: /s/ Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Sara Meisels

COMPLAINT FOR DAMAGES