**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Brett B. Goodman** (SBN 260899)
213.375.3543 | bgoodman@yumollp.com
**Sheri Guerami** (SBN 265231)
213.418.9340 | sguerami@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Fulton, Friedman & Gullace, LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA MEISELS,<br><br>    Plaintiff,<br><br>vs.<br><br>FULTON, FRIEDMAN & GULLACE, LLP,<br><br>    Defendant. | Case No.: 2:17-CV-05120-SJO<br><br>**DEFENDANT FULTON, FRIEDMAN & GULLACE, LLP'S ANSWER TO COMPLAINT** |

Defendant Fulton, Friedman & Gullace, LLP ("Defendant" herein) hereby answers the Complaint ("Complaint") of Plaintiff Sarah Meisels ("Plaintiff"), as follows:[1]

## JURISIDCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits Plaintiff brings this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("Rosenthal Act"). Defendant denies that it violated the FDCPA or the Rosenthal Act.

2. Answering Paragraph 2 of the Complaint, Defendant states that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

3. Answering Paragraph 3 of the Complaint, Defendant states that this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Defendant admits Plaintiff is a "person" as defined by the referenced statutes. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 4; therefore, Defendant denies it.

---

[1] The Complaint's headings are repeated herein for organizational purposes only, but should be considered denied.

5. Answering Paragraph 5 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 5; therefore, Defendant denies it.

6. Answering Paragraph 6 of the Complaint, Defendant admits Paragraph 6.

7. Answering Paragraph 7 of the Complaint, lacks sufficient information to admit or deny the allegations contained in Paragraph 7; therefore, Defendant denies it.

8. Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8; therefore, Defendant denies it.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Answering Paragraph 9 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, it denies the same.

10. Answering Paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

11. Answering Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, it denies the same.

12. Answering Paragraph 12 of the Complaint, Defendant admits that as a corporation it may act only through its agents and employees, but only so long as they act within the scope of their authority. Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

13. Answering Paragraph 13 of the Complaint, Defendant admits it placed a legally enforceable lien on a bank account, whose holder had a similar name to Plaintiff, with a bank institution apparently that has accounts with two people with the same name.

14. Answering Paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, it denies the same.

15. Answering Paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, it denies the same. Furthermore, Defendant denies placing the lien on the wrong account because the bank placed the lien on the wrong account.

16. Answering Paragraph 16 of the Complaint, Defendant admits these allegations.

17. Answering Paragraph 17 of the Complaint Defendant admits the funds were returned to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of Paragraph 17; therefore, it denies the same.

18. Answering Paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 18; therefore, it denies the same.

19. Answering Paragraph 19 of the Complaint, Defendant denies these allegations.

## **COUNT I (FDCPA)**

20. Answering Paragraph 20 of the Complaint, Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

21. Answering Paragraph 21 of the Complaint, Defendant denies Paragraph 21 as is it not a complete and/or accurate statement of the law

22. Answering Paragraph 22 of the Complaint, Defendant denies these allegations.

23. Answering Paragraph 23 of the Complaint, Defendant denies these allegations.

24. Answering Paragraph 24 of the Complaint, Defendant denies these allegations.

25. Answering Paragraph 25 of the Complaint, Defendant denies these allegations.

26. Answering Paragraph 26 of the Complaint, Defendant denies these allegations.

## COUNT II (RFDCPA)

27. Answering Paragraph 27 of the Complaint, Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

28. Answering Paragraph 28 of the Complaint, Defendant denies Paragraph 28 as is it not a complete and/or accurate statement of the law.

29. Answering Paragraph 29 of the Complaint, Defendant denies these allegations.

30. Answering Paragraph 30 of the Complaint, Defendant denies these allegations.

## PRAYER FOR RELIEF

31. Answering Paragraph 31 of the Complaint, Defendant denies that Plaintiff is entitled to any relief requested in the Request for Relief and each of its subparts.

## JURY DEMAND

32. Answering Paragraph 32 of the Complaint, Defendant admits that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

33. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

34. Defendant denies Plaintiff has a concrete injury-in-fact.

### THIRD AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

36. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### FIFTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

### SEVENTH AFFIRMATIVE DEFENSE

39. Defendant's conduct was privileged or justified.

### EIGHTH AFFIRMATIVE DEFENSE

40. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

### TENTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

## TWELFTH AFFIRMATIVE DEFENSE

44. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

45. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## FOURTEENTH AFFIRMATIVE DEFENSE

46. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

47. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

48. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to their own actionable segment of fault, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims may be barred because Defendant, within 15 days of either after discovering a purported violation which is able to be cured, or after the receipt of a written notice of such purported violation, made adjustments or corrections necessary to cure the purported violation with respect to Plaintiff.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

50. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED: September 6, 2017

YU | MOHANDESI LLP

By  */s/ Brett B. Goodman*
Brett B. Goodman
Attorneys for Defendant
Fulton, Friedman & Gullace, LLP

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2017, a true and correct copy of the foregoing Answer was electronically filed with the Clerk of the United States District Court for the Central District of California.

The undersigned further certifies that a true and correct copy thereof was forwarded via the Court's ECF system on September 6, 2017, to counsel for Plaintiff.

DATED:  September 6, 2017

YU | MOHANDESI LLP

By  */s/ Brett B. Goodman*
Brett B. Goodman